UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                            **DECISION AND ORDER**
                                                          10-CR-354S

PARMINDER SIDHU,

                    Defendant.

      1.      Presently before this Court is Defendant's motion for mid-case assignment of counsel under the Criminal Justice Act, 18 U.S.C. § 3006A.  Defendant's current counsel has been acting in this matter since July 31, 2013, when he replaced Defendant's prior retained counsel.  Approximately six months after current counsel was retained, on January 22, 2014, Defendant appeared before this Court and pled guilty to conspiracy to export from the United States 5 kilograms or more of cocaine in violation of 21 U.S.C. § 963.  Sentencing was initially scheduled for May 28, 2014, but has since had multiple adjournments.  Sentencing is currently scheduled for December 7, 2016.

      2.      On September 1, 2016, Defendant filed a Motion to Appoint Counsel, seeking to have his retained lawyer appointed under the Criminal Justice Act.  In support of the Motion, counsel states that "Defendant has paid the undersigned approximately $25,000 in legal fees, and now has a substantial obligation of unpaid fees and expenses that have exceeded the initial retainer fee."  (Aff. at ¶ 5.)  Counsel further states that "Defendant is indigent and can no longer pay legal fees."  (Aff. at ¶ 6.)

      3.      The Criminal Justice Act authorizes mid-case appointment of counsel when the court finds that (1) the defendant is unable to pay his retained counsel and (2) the interests of justice dictate the appointment of counsel.  See United States v. Parker,

439 F.3d 81, 91 (2d Cir. 2006) (citing 18 U.S.C. § 3006A(c)). Defendant has not provided sufficient information to satisfy either of these requirements. First, Defendant's motion must be denied because he has not submitted a completed financial affidavit from which this Court can assess whether he is financially unable to pay his retained attorneys. The financial affidavit submitted with motion fails to describe any property of value owned by Defendant, as well as his monthly debts and bills. Second, the bare affirmation submitted in support of the motion fails to provide any information from which this Court can determine whether the interests of justice dictate appointing counsel.

    4.    "[A]n attorney who fails to make adequate arrangements before accepting representation of a client cannot rely on the CJA to bail him out." United States v. Zaccaria, No. 95-CR-97S, 1997 WL 642985, at *1 (W.D.N.Y. Apr. 11, 1997) (internal quotation omitted). When making a mid-case appointment of counsel, courts in this district look to the policy that retained defense counsel are expected to represent their client until the matter is terminated, regardless of the client's ability to pay. See Parker, 439 F.3d at 102 (describing this district's "fully retained" policy) (citing United States v. Parker, No. 00-CR-0053A, 2004 WL 2095684 (W.D.N.Y. Sept. 14, 2004)). This policy "is intended to ensure continuity in representation to the defendant . . . If the retainer fee runs out, counsel will not be permitted to withdraw simply because his client is unable or refuses to pay." Id. The Second Circuit has upheld the policy, finding that "the district court's 'fully retained' inquiry is compatible with the authorization of CJA appointment under § 3006A(c), as long as mid-case appointment is permitted if the defendant is financially eligible and the 'interests of justice' dictate." Id. at 108.

5. Absent a completed financial affidavit, and absent any evidence that the interests of justice dictate appointing counsel, Defendant's motion must be denied.

IT HEREBY IS ORDERED, that Defendant's Motion for Appointment of Counsel is DENIED.

SO ORDERED.

Dated: September 7, 2016
       Buffalo, New York

                                      /s/William M. Skretny
                                      WILLIAM M. SKRETNY
                                      United States District Judge